```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------  X
NELDA AYALA, MOHAMMED ELISSAOUI, EBER VEGA,     :      NOT FOR ELECTRONIC
and CARLOS GARCIA                                                        :      OR PRINT
                                                                         :      PUBLICATION
                   Plaintiffs,                                           :
                                                                         :      OPINION AND ORDER
       -against-                                                         :
                                                                         :      14-CV-5269 (ARR) (JO)
YOUR FAVORITE AUTO REPAIR & DIAGNOSTIC                                   :
CENTER, INC., AUTO MAINTENANCE SALES &                                   :
SERVICE CAR WASHING & DETAILING, INC., and                               :
ANTHONY BOUMOUSSA, as an individual,                                     :
                                                                         :
                   Defendants.                                           :
----------------------------------------------------------------------  X
```

ROSS, United States District Judge:

Plaintiffs, Nelda Ayala, Mohammed Elissaoui, Eber Vega, and Carlos Garcia, bring this action pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against defendants, Your Favorite Auto Repair & Diagnostic Center, Inc. ("YFA"), Auto Maintenance Sales & Service Car Washing & Detailing, Inc. ("AMS"), and the owner of the two corporate entities—Anthony Boumoussa. Plaintiffs seek to recover overtime and spread of hours wages allegedly due to them. A trial in this matter is scheduled to commence on September 6, 2016. The court has reviewed the parties' pre-trial submissions, see Dkt. #54, and has identified several instances where further briefing is required or where the parties have not complied with this court's individual practices and rules. See Individual Practices and Rules, Section IV (Dec. 2015), available at https://www.nyed.uscourts.gov/pub/rules/ARR-MLR.pdf. Accordingly, this order sets deadlines for additional pretrial submissions, as described in detail below.

### A. Outstanding Legal Issues

In an FLSA claim, a plaintiff must demonstrate that a defendant "has employees engaged in commerce" or that the defendant itself is an "enterprise engaged in commerce," and that the defendant has "annual gross volume of sales made or business done [in an amount] not less than $500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii). Plaintiffs state in their Proposed Findings of Fact and Conclusions of Law that they "have proven that the Defendant, [AMS] is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203, having gross sales of not less than $500,000 for each of the years 2011 through 2014, inclusive." Pls.' Proposed Findings of Fact and Conclusions of Law, Dkt. #54-1, ¶ 73. These facts are not stipulated to in the Joint Pre-Trial Order ("JPTO"), Dkt. #54. To the extent that the parties wish to stipulate to them, such a stipulation must be filed with the court on or before August 29, 2016. To the extent that the parties disagree on this issue, plaintiffs must submit briefing stating the facts and legal arguments in support of their claim, and defendants must respond with the same. The parties must confer with one another regarding this issue, and plaintiffs are directed to submit any briefing—along with defendants' response—on or before August 29, 2016.

Relatedly, plaintiffs also argue that defendants "together constitute a single integrated enterprise engaged in commerce or in the production of goods for commerce, with an annual gross volume of sales of at least $500,000" for the years 2011 through 2014. Pls.' Proposed Findings of Fact and Conclusions of Law, Dkt. #54-1, ¶ 75. Defendants argue that plaintiffs "failed to establish th[at] YFA was a qualified FLSA 'employer' or a joint-enterprise with AMS so as to be liable for any alleged deficiencies in pay or in record-keeping." Defs.' Proposed Findings of Fact and Conclusions of Law, Dkt. #54-2, at ¶ 21. Plaintiffs' position, as set forth in their proposed findings of fact and conclusions of law, is that YFA "currently does no business,

but continues to hold the licenses which respectively authorize the holder to conduct vehicle inspections and to sell automobiles." Pls.' Proposed Findings of Fact and Conclusions of Law, Dkt. #54-1, at ¶ 3. According to plaintiffs, "AMS is a successor entity of [YFA], whose operations involved substantially the same work and working conditions, under substantially the same supervisors and processes, and included largely the same products and customers." Id. ¶ 6. Plaintiffs thus argue that "AMS and [YFA] are part of a single integrated enterprise." Id. ¶ 74.

The "single integrated enterprise" doctrine allows for multiple defendants to be jointly and severally liable for any FLSA and NYLL violations. See, e.g., Perez v. Westchester Foreign Autos., Inc., No. 11-cv-6091, 2013 WL 749497, at *7 (S.D.N.Y. Feb. 28, 2013). Multiple entities may be treated as a single employer depending on a four-factor test: (1) the extent to which the entities' operations are interrelated; (2) whether there is a centralized control of labor relations; (3) the extent to which there is common management; and (4) whether the entities share common ownership or financial control. Juarez v. 449 Rest. Corp., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). It is a fact-specific inquiry that requires courts to look at the totality of the circumstances "in light of economic reality." Marin v. Apple-Metro, Inc., No. 12-CV-5274, 2014 WL 11035376, at *5 (E.D.N.Y. July 29, 2014).

Plaintiffs state that—to prove all defendants were part of a single integrated enterprise—they will prove "that the Defendants are involved in the same industry, are located at the exact same address, and are wholly owned and operated by Defendant Boumoussa," and that "Defendant Boumoussa was intimately involved in the day to day operations of all of the corporate defendants and would assign employees to work for different corporate entities." Pls.' Findings of Fact and Conclusions of Law, Dkt. #54-1, at ¶ 74. To the extent that defendants oppose these factual and legal contentions, the court requires additional briefing that sets forth

each parties' position, supported by factual citations and case law.  The parties must confer with one another regarding this issue, and plaintiffs are directed to submit any briefing—along with defendants' response—on or before August 29, 2016.

As this court has previously informed the parties, <u>all</u> briefing must be submitted prior to the commencement of trial.  <u>See</u> Minute Entry dated June 23, 2016, Dkt. #55.  Accordingly, to the extent that the parties disagree on any other legal issues, these issues must also be identified and briefed on or before August 29, 2016.[1]

### B. Revised Findings of Fact and Conclusions of Law

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. § 207(a)(1).  The FLSA also requires employers to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him."  29 U.S.C. § 211(c); <u>see also</u> C.F.R. § 516.2(a)(7) (requiring employers to maintain and preserve payroll records that specify the "[h]ours worked each workday and total hours worked each workweek," as well as "[t]otal premium pay for overtime hours" and "[t]otal additions to or deductions from wages paid each pay period").

In the JPTO and their initial proposed findings of fact and conclusions of law, defendants represented that part of their defense would involve a reliance upon the commissions that

---

[1] Such briefing must include any objections to the plaintiffs' damages calculations.  For example, in the event that this court grants plaintiffs' spoliation motion after trial and relies upon plaintiffs' testimony to establish damages, defendants must have raised any issues with plaintiffs' damages calculation—including the method by which plaintiffs seek to establish a regular rate of pay, plaintiffs' calculation of spread of hours wages, and the applicability of a 2- or 3-year statute of limitations—in advance of trial.  The only exception to this will be the parties' application(s) for attorney's fees.

plaintiffs earned, and specifically that these commissions "more than compensate[d] Plaintiffs even if their allegations of overtime are taken as true." JPTO at 4; see also Defs.' Findings of Fact and Conclusions of Law, Dkt. #54-2, ¶ 18. Defendants have since abandoned this argument. See Letter dated Aug. 10, 2016 ("I write to advise the Court that Defendants agree with Plaintiffs' legal position that the commissions do not count as an offset and can be used by Plaintiffs to calculate overtime wages owed, if the performance of overtime is established at trial."). But it is unclear to this court what the findings of fact and conclusions of law are that the defendants now seek to rely upon.

For example, defendants state in their proposed findings of fact and conclusions of law that "[p]laintiffs were compensated above the Federal and State Minimum wage," that "[p]laintiffs were properly compensated for overtime," and that "[a]ll [p]laintiffs were properly compensated and all their time and wages were properly documented." Defs.' Proposed Findings of Fact and Conclusions of Law, Dkt. #54-2, ¶¶ 16, 17, 22. But defendants do not support these conclusory statements with any facts. To the extent that defendants seek to rely on their trial exhibits, which total over 1000 pages of documents, defendants must provide a synthesis of what these documents mean in the context of this case. Without such a summary, this court is unable to discern whether defendants are claiming that they adequately compensated plaintiffs for overtime wages, or instead that no plaintiff worked any overtime,[2] or some other theory.

Therefore, I direct defendants to submit a revised proposed findings of fact and conclusions of law that set forth in detail—without generalized, unsubstantiated, or conclusory

---

[2] Even a cursory glance at the documents that defendants submitted to this court as trial exhibits indicates that at least some plaintiffs worked some overtime while employed by defendants. See, e.g., Defs.' Ex. A-2, DEF 00004 (showing that plaintiff Ayala worked 45 hours during the week of August 19, 2010).

statements—their basis for defending this case. At a minimum, defendants must submit a chart that complies with the following instructions: on a <u>weekly</u> basis for each plaintiff, the chart must set forth (a) the applicable date range (<u>e.g.</u>, August 19, 2010-August 25, 2010); (b) the hours worked per week during that date range; (c) the wages received by each plaintiff during that date range[3]; (d) the federal and New York state minimum wage rate in effect for that date range; (e) a calculation of the regular rate of pay during that date range[4]; (f) the overtime rate of pay during that date range, if any; (g) how many, if any, unpaid hours of overtime were incurred each week. This chart must be supported by specific citations to defendants' trial exhibits. In addition, defendants must submit a second chart that complies with the following instructions: on a <u>weekly</u> basis for each plaintiff, the chart must set forth (a) the applicable date range; (b) the days per week that any plaintiff worked more than 10 hours; (c) the hourly rate of pay for that date range[5]; and (d) the federal and New York state minimum wage in effect for that date range.

      Defendants' revised findings of fact and conclusions of law is due on or before August 30, 2016. As noted above, this court has made clear—and the parties agreed—that <u>all</u> briefing must be submitted in advance of trial. <u>See</u> Minute Entry dated June 23, 2016, Dkt. #55. Indeed, this court does not see how defendants can rely on the hundreds of pages of documents that it submitted to the court in defending this suit—whether that be in a liability phase or a damages phase—without making the above analyses ordered by the court.

---

[3]     Defendants must also include their method of calculating the wages earned per week.

[4]     Defendants must also include their method of calculating the regular rate of pay.

[5]     Defendants must also include their method of calculating this rate of pay.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:      August 23, 2016
            Brooklyn, New York