EXHIBIT 1

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into effective October

_____, 2016 by and between NELDO AYALA, MOHAMMED ELISSAOUI, EBER VEGA,

and CARLOS GARCIA (hereinafter collectively referred to as the "Plaintiffs"), and YOUR

FAVORITE AUTO REPAIR & DIAGNOSTIC CENTER, INC., AUTO MAINTENANCE

SALES & SERVICE CAR WASHING & DETAILING, INC., and ANTHONY BOUMOUSSA,

(hereinafter referred to collectively as the "Defendants") (hereinafter, the Plaintiffs and

Defendants shall collectively be referred to as "Parties"), memorializes a settlement reached and

bargained for during arms-length negotiations after a liability verdict was rendered in a bench

trial held on September 12 and 13, 2016, before Judge Allyne Ross as reflected in Her Honor's

Opinion and Order of September 19, 2016, DE 85, but before the damages phase of the trial was

conducted.

WHEREAS, the parties mutually desire to put this protracted litigation to rest without

incurring any further expense, and the Plaintiffs desire to obtain the payments due to them

without further delay, so the parties have entered into this settlement as a reasonable

compromise.

## RECITALS

**WHEREAS**, Plaintiffs commenced a civil action against Defendants on September 9,

2014 in the United States District Court for the Eastern District of New York, styled *Neldo Ayala,*

*Mohammed Elissaoui, Vega Eber[1], and Carlos Garcia v. Your Favorite Auto Repair &*

---

[1] This Plaintiff's correct name is Eber Vega but was erroneously reversed in the initial pleadings and subsequently corrected.

*Diagnostic Center, Inc., Bay Parkway Super Clean Car Wash Inc. and Anthony Boumoussa,*
Civil Action No. 14-Civ-5269 (ARR)(JO);

     **WHEREAS,** Plaintiffs filed a Proposed First Amended Complaint on August 14, 2015, and they filed their Second Amended Complaint on December 9, 2015, which added Auto Maintenance Sales & Service Car Washing & Detailing, Inc. as a party defendant;

     **WHEREAS,** Defendants denied and continue to deny any and all liability and/or wrongdoing with respect to all of the Plaintiffs' claims; and

     **WHEREAS,** Plaintiffs and Defendants now desire to settle fully and finally all wage and hour and related claims that Plaintiffs had, have or may have had against the Defendants, including but not limited to those claims embodied in the aforementioned Complaint and the Amended Complaints without further litigation and without any finding of fact or admission of liability.

     **NOW, THEREFORE,** for and in consideration of the mutual covenants contained herein, and other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     <u>Non-Admission of Liability.</u>

     This Agreement shall not in any way be construed as an admission by the Defendants of a violation of any of the Plaintiffs' rights. During this litigation, Defendants in their corporate and individual capacities, denied violating any rights of Plaintiffs based on federal, state or local law pertaining to employment or on any other bases, including but not limited to, those relative to the disputes related to Defendants' liability for overtime compensation and/or any amount, if found liable including any damages, and disputes related to claims as to other violations of law alleged by Plaintiffs, such as record keeping, and whether there was bad faith and/or willfulness, with

respect to which Defendants dispute all of Plaintiffs' claims of liability. Accordingly, this Agreement is a reasonable compromise by the Parties of the disputed claims accompanied by several protections for the Plaintiffs as set forth herein, and a discharge of rights limited to wage and hour and all associated claims, but, as such, is not an admission by any Party as to the merits of such claims and this Agreement and its contents shall not be admissible in any proceeding as evidence of any fact or conclusion, except only that this Agreement may be introduced in a proceeding arising from any breach hereunder.

2.    <u>Settlement Payment and Dismissal</u>

In complete settlement of any and all claims for actual, compensatory, punitive or other damages, as well as attorneys' fees and costs Plaintiffs may have had, have or may have, against the Defendants and in consideration of (i) the releases given by the Plaintiffs as described herein *infra*, and (ii) the dismissal of the action with prejudice attached hereto and made a part hereof as Exhibit "A" with respect to all of the Plaintiffs as against all of the Defendants hereunder, Defendants shall pay the total sum of Three Hundred Thousand and 00/100 Dollars ($300,000.00) the "Settlement Amount" which is inclusive of all attorney's fees and costs. Payment of the Settlement Amount shall be paid to the payees designated, and on or before the dates listed in the Schedule of Payments, which is appended hereto as Ex. "B" and which is hereby incorporated herein by reference.

The Settlement Payments may be sent in any manner, but must be received in the office of Plaintiff's counsel by the close of business on the due date in order to be timely, provided however, that if any due date falls on a weekend or holiday, the time for payment shall be deemed extended until the close of the next following business day. In no case, however, shall

the Defendants be required to make any payment before the Court has made the fairness finding required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, (2d Cir. 2015). Pursuant to IRS Regulation the Defendants, and each of them, warrant and covenant that to the extent that they withhold any sum of money from any amount payable to any of the Plaintiffs hereunder, that they will cause such Plaintiff to be furnished with an IRS tax form W-2 or an IRS tax form 1099, as applicable, on or before February 16 of the next calendar year.  If, after fourteen (14) calendar days after Defendants' receipt of said notice to cure, this obligation is not met by the Defendants, they shall be in default for any and all sums withheld.  Said notice to cure shall be provided pursuant to paragraph 14 of this agreement. If the Defendants do not withhold from any payments to the Plaintiffs hereunder, they shall have no obligation to furnish any tax forms.

3.     Default

In the event that any of the Settlement Payments described hereinabove in Paragraph 2, *supra*, are not received in the office of Plaintiffs' counsel by the close of business on the dates set forth in the Schedule of Payments, or any check given as payment hereunder is dishonored, Plaintiff's counsel shall notify Defendants' counsel, Oscar Michelin, via electronic mail at OMichelen@cuomollc.com and by First Class Mail to Cuomo LLC 200 Old Country Road, Suite 2 South, Mineola, NY 11501.  In the event Defendants fail to cure said late payment or dishonor of any such check within five (5) business days from service of said notice, they shall be in default, rendering Defendants jointly and severally liable for the sum of Five Hundred Twenty Five Thousand and 00/100 Dollars less 175% of any monies theretofore paid by Defendants (the "Default Amount") prior to the occurrence of such default under this Agreement. Such liability shall be in lieu of all costs of collection, interest, attorneys' fees and other fees, but only to the extent that they have accrued prior to the entry of judgment. Any

4

language contained herein to the contrary notwithstanding, the Defendants shall be entitled to no more than two (2) notices to cure. If there is a third occasion upon which payment is not received in the office of Plaintiffs' counsel on the date required by the Schedule of Payments, or a third occasion upon which a check given in payment hereunder is dishonored, or a third occasion of any combination of the foregoing two events and two notices to cure have, at such time, previously been server hereunder, no further notice to cure shall be required, and the Plaintiffs and their counsel may enter judgment upon the confession given hereunder without service of any further notice to cure. The affidavit of confession of judgment which is appended hereto as Ex. "C" is incorporated by reference herein, and shall be held in escrow by Plaintiffs' counsel and not released unless there is a default under this Agreement, and either Defendants fail to cure within the time period required, or no further notice to cure is required hereunder. After consultation with counsel, Defendants, and each of them, agree that this provision is not a penalty or forfeiture as a matter of New York State substantive contract law, and warrant that no such argument will be made under any circumstances in the future in opposition to any application for the entry of judgment or in support of any application to vacate judgment. It is also understood that this default provision was a *sine qua non* for extending the Answering Defendants' time to make payment hereunder, and Plaintiffs insisted upon this provision to insure that the Settlement Payments are given sufficient priority among the Defendants' other financial obligations.

4.    Release.

a)    In return for the Settlement Payments that are the subject of this Agreement, the Plaintiffs agree to dismiss the action, with prejudice, and release, waive, acquit and forever discharge all of the Defendants, jointly and severally, their predecessors, successors, parents,

5

subsidiaries, assigns, agents, directors, officers, employees, representatives, attorneys, and all persons acting by, through, under or in concert with any of them, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiffs may have or claim to have against any of the Defendants and the other persons and/or entities released regarding any matter in connection with their pay, their rates of pay, overtime pay, minimum wage violations, tip credit violations, spread of hours, recordkeeping violations, and/or any claims of retaliation for having brought or raised any of the foregoing claims, as well as any related attorneys' fees and/or costs incurred in the prosecution of this litigation, whether claim was made for same or not in the Action.

5.      No Admissions.

        While agreeing to compromise and settle their disputes, the Parties deny liability to one another. Nothing in this Agreement shall be construed or interpreted as an admission or acknowledgement of any allegation made by any other Party, or of any wrongdoing or liability by any Party hereto.

6.      Non-Participation and Cooperation.

        Pursuant to and as part of Plaintiff's release and discharge of the Defendants as set forth herein, Plaintiffs agree not to participate willingly or voluntarily in any lawsuit, claim, arbitration, suit, action, class action, investigation or other proceeding of any kind which relates to any matter that involves the Defendants unless required to do so by court order, subpoena or other directive by a court, administrative agency, or unless required to enforce this Agreement.

To the extent any such action may be brought by a third party, Plaintiffs expressly waive any claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action. Plaintiffs agree that they will not voluntarily assist any other person in the pursuit of any legal action against the Defendants.

7.    No Future Employment.

Plaintiffs (a) agree not to apply for employment or otherwise seek to be hired, reemployed or reinstated by the Defendants and hereby waive any right to reinstatement or future employment with the Defendants; and (b) agree that this Agreement shall be deemed to be good and sufficient reason to reject any application any of them may make for employment, reemployment or reinstatement with the Defendants.

8.    No Claims Filed.

Plaintiffs represent to the Defendants, as a material inducement to enter into this Agreement, that other than the action filed with the United States District Court, Eastern District of New York, Civil Action No. 14-cv-5269 (the "Action"), there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Defendants based on the facts and circumstances surrounding Plaintiffs' employment with the Defendants, or application for employment or separation from employment by the Defendants, filed or submitted by Plaintiffs or with their knowledge, or on their behalf with any federal, state or local court, department or administrative or other agency.  If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, Plaintiffs shall, if requested by counsel for any of the Defendants, immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions

necessary to cause said agency or entity to terminate such proceeding without liability to the Defendant(s). Plaintiffs further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have, had or may have against any of the Defendants.

9.    <u>Modifications.</u>

This Agreement may not be changed orally but may be changed only by an agreement in writing signed by the Parties.

10.   <u>Satisfaction With Terms and Counsel; Non-Coercion.</u>

This Agreement is entered into by the Parties without duress or undue influence of any kind on the part of any person, firm, or entity, in the free will of the Parties, and in consideration of the obligation of the Parties as set forth herein, and in consideration of the receipt of substantial consideration and protections afforded the Plaintiffs in the event of Defendants' default. The Parties acknowledge that they have not entered into this Agreement in reliance upon any inducement, representations or promise not otherwise contained herein, and that this Agreement supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the subject matter hereof. The Parties have consulted with their attorneys of record in the Action regarding the terms of this Agreement and have resolved any questions they may have as to the meaning, effect or interpretation of this Agreement. The decision of the Parties to enter into this Agreement is a fully informed decision, and the Parties are aware of the legal and other ramifications of such decision. Given that all Parties having been represented by counsel and all counsel having read, discussed, and negotiated the provisions of

this Agreement at arms' length, ambiguities in this Agreement, if any, shall not be resolved against either Party as the draftsman hereof.

11.   Legal Fees.

In the event it shall be necessary for any Party hereto to institute or defend a legal action to enforce any of the terms and conditions or provisions contained in this Agreement, or as the result of the breach hereof, the prevailing party in such action or proceeding shall be entitled to the costs and reasonable attorney's fees incurred in pursuing or defending enforcement, however, neither Plaintiffs or their counsel shall be entitled to any attorneys' fees incurred prior to the entry of judgment upon the confession of judgment, Plaintiffs and their counsel having agreed to accept the balance of the default amount in satisfaction thereof.

12.   Jurisdiction.

The substantive laws of the State of New York shall govern the validity, construction, enforcement and interpretation of this Agreement, and venue for any dispute between the Parties shall be the United States District Court for the Eastern District of New York ("District Court"). The dismissal with prejudice shall provide that the District Court shall retain jurisdiction over the Action for the purposes of enforcing the terms of this Agreement. If the District Court should refuse or decline to accept jurisdiction over the settlement Agreement or any enforcement of same for any reason, the Parties agree that an action to enforce this Agreement may be filed in the Civil Court of the City of New York, County of New York or New York State Supreme Court, County of New York (depending on monetary value), and this provision shall be treated as a valid venue selection provision in any such state court in the event the District Court has declined or refused to accept jurisdiction for any reason.  The Parties agree that a judgment may

9

be entered in any such state court pursuant to CPLR § 3215(i) with the same force and effect as if this Agreement were a stipulation resolving an action originally commenced in such state court, and the Defendants had defaulted thereon.

13.    Invalid Provision.

If any provision of this Agreement is or may be held by a court of competent jurisdiction to be invalid, void, or unenforceable to any extent, the validity of the remaining parts, terms or provision of this Agreement shall not be affected thereby, and such illegal or invalid part, term, or provision shall be deemed not to be part of this Agreement, the remaining provisions shall nevertheless survive and continue in full force and effect without being invalidated in any way.

14.    Entire Agreement

This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

15.    Counterparts.

This Agreement, and any of the documents incorporated by reference herein or given as part and parcel hereof, may be executed in a number of identical counterparts, and signature by photocopy, facsimile, pdf, or any other consistently reliable means of reproduction shall be treated with the same force and effect as a signed original as against the party to be charged.

16.    No Waiver.

Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of such term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

17.   Section Headings.

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

18.   Knowing Agreement After Consultation With Counsel and Revocation

ALL PARTIES HAVE CONSULTED WITH THEIR ATTORNEYS PRIOR TO SIGNING THIS AGREEMENT AND REPRESENT TO THE OPPOSING PARTIES THAT THEY HAVE DONE SO. THE PARTIES AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT MUST BE IN WRITING AND SIGNED BY ALL PARTIES TO HAVE ANY EFFECT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS SET FORTH ABOVE, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, THE LAW OFFICES OF WILLIAM CAFARO, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS CONTAINED IN THE RELEASE LANGUAGE IN THIS AGREEMENT. DEFENDANTS HAVE BEEN ADVISED BY THEIR ATTORNEYS, CUOMO LLC, AND UNDERSTAND AND AGREE THAT THE CONFESSION OF JUDGMENT GIVEN HEREUNDER PROVIDES FOR THE ENTRY OF JUDGMENT FOR AN AMOUNT IN EXCESS OF THE FACE AMOUNT IN THE EVENT OF DEFAULT. HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO OBTAIN THE

RELEASES, PROMISES AND BENEFITS SET FORTH ABOVE, DEFENDANTS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH THEIR COUNSEL, CUOMO LLC, ENTER INTO THIS AGREEMENT INTENDING TO BIND THEMSELVES TO ALL OBLIGATIONS AND POTENTIAL CONSEQUENCES FOR NON-PAYMENT OF ANY AMOUNTS REQUIRED TO BE PAID HEREUNDER.

EITHER PARTY MAY REVOKE THIS AGREEMENT BY CAUSING AN UNEQUIVOCAL TO BE DELIVERED TO COUNSEL FOR THE ADVERSE PARTY WITHIN SEVEN (7) DAYS OF SUCH PARTY'S EXECUTION HEREOF.

The Parties knowingly and voluntarily sign this Settlement Agreement and Release as of the date(s) set forth below:

**[THIS SECTION INTENTIONALLY LEFT BLANK]**

**SIGNED AND AGREED TO:**

Dated: 10 / 19 / 16

_____
NELDO AYALA

STATE OF New York )
                           ) ss.:
COUNTY OF New York )

On _____ Nov 19 _____, 2016 before me personally came to me NELDO AYALA known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

WILLIAM CAFARO
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2018

_____
Notary Public


**SIGNED AND AGREED TO:**

Dated: 11 / 22 / 16

_____
MOHAMMED ELISSAOUI

STATE OF New York )
                           ) ss.:
COUNTY OF New York )

On _____ 11/22/16 _____, 2016 before me personally came to me MOHAMMED ELISSAOUI known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

WILLIAM CAFARO
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2018

_____
Notary Public

13

**SIGNED AND AGREED TO:**

Dated: 11/19/2016

X _____
EBER VEGA

STATE OF New York

COUNTY OF New York )ss.:

On _____ Nov. 19 . _____, 2016 before me personally came to me EBER VEGA known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

WILLIAM CAFARO
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2018

_____
Notary Public


**SIGNED AND AGREED TO:**

Dated: 12/2/16

_____
CARLOS GARCIA

STATE OF New York

COUNTY OF New York )ss.:

On _____ 5/5/ _____, 2016 before me personally came to me CARLOS GARCIA known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

WILLIAM CAFARO
Notary Public, State of New York
No. 31-4869936
Qualified in New York County
Commission Expires Jan. 22, 2018

_____
Notary Public

14

Notary Public

ANDREW R. COSTELLO
Notary Public, State of New York
No. 01CO5023572
Qualified in Kings
Commission Expires 2/7/18

**SIGNED AND AGREED TO**

Dated: 11 9 16

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC.

By: _____
Anthony Boumoussa
Officer and Authorized
Representative

STATE OF New York )
                  )ss.:
COUNTY OF Kings   )

On ___11/9/16___ 2016 before me personally came Anthony Boumoussa and
acknowledged him(her)self to be an officer and an Authorized Representative of YOUR
FAVORITE AUTO REPAIR & DIAGNOSTIC CENTER, INC. and that (s)he, as such, being
authorized so to do, executed the foregoing instrument for the purposes therein contained, by
signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized
Representative.

Notary Public

JOSEPH R. COSTELLO
Notary Public, State of New York
No. 01CO 5023572
Qualified in Kings
Commission Expires 2/7/18

**SIGNED AND AGREED TO:**

AUTO MAINTENANCE SALES &
SERVICE CAR WASHING &
DETAILING, INC.

Dated: 11 9 16

By: _____
Anthony Boumoussa

16

Officer and Authorized
Representative

STATE OF *New York*            )
                               )ss.:
COUNTY OF *Kings*              )

On _____*11 3 16*_____ 2016 before me personally came *Anthony Boumoussa*  a n d
acknowledged him(her)self to be an officer and an Authorized Representative of AUTO
MAINTENANCE SALES & SERVICE CAR WASHING & DETAILING, INC.
 and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the
purposes therein contained, by signing his (her) name on behalf of the corporation by him(her)
self as Owner and an Authorized Representative.

_____
Notary Public

JOSEPH R. COSTELLO
Notary Public, State of New York
No. 01CO 5023572
Qualified in Kings
Commission Expires _____
2/9/18

**SIGNED AND AGREED TO**

Dated: ___*11 9 14*___

_____
Anthony Boumoussa, Individually

STATE OF *New York* )

17

COUNTY OF Kings )ss.:
)

On _____11/9/16_____, 2016 before me personally came to me Anthony Boumoussa known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

_____
Notary Public

JOSEPH D. COSTELLO
Notary Public, State of New York
No. 01CO5923572
Qualified in Kings
Commission Expires 2/7/18

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NELDO AYALA, MOHAMMED ELISSAOUI,                      Case No. 14-Civ-5269
EBER VEGA and CARLOS GARCIA,
                              Plaintiffs,

                                                      **VOLUNTARY
                                                      DISMISSAL WITH
                                                      PREJUDICE**

              against

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC.,
AUTO MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and ANTHONY
BOUMOUSSA,
                              Defendants.
-------------------------------------------------------------X

          **IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned

Parties, through their respective counsel, that the above action be and is hereby dismissed with

prejudice and without costs to either party.

          The Court shall retain jurisdiction over the settlement for the purposes of the

enforcement of the provisions thereof.

Dated: New York, NY                     Dated: New York, NY

_____, 2016                    _____, 2016

P LAW OFFICES OF WILLIAM CAFARO         CUOMO LLC

By: _____                 By: _____

                                             OSCAR MICHELEN
                                             (Om (99))

20

SO ORDERED this _____ day
of _____, 2015

_____
Alleyne R. Ross, U.S.D.J.

# EXHIBIT "B"

| Payment Details | Payee | Payment Amount Total | Wages | Liquidated Damages |
|---|---|---|---|---|
| Payment 1 | Neldo Ayala | $ 56,568.51 | $ 28,284.25 | $ 28,284.26 |
| $ 200,000.00 | Mohammed Elissaoui | $ 46,513.51 | $ 23,256.75 | $ 23,256.76 |
| 12/13/2016 | Eber Vega | $ 33,452.81 | $ 16,726.40 | $ 16,726.41 |
| | Carlos Garcia | $ 35,798.57 | $ 17,899.28 | $ 17,899.29 |
| | William Cafaro, PC | $ 27,666.60 | | |
| Payment 2 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 1/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 3 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 2/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 4 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 3/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 5 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 4/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 6 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 5/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 7 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 6/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 8 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 7/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 9 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 8/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 10 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 9/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |
| Payment 11 | Neldo Ayala | | | |
| $ 10,000.00 | Mohammed Elissaoui | | | |
| 10/13/2017 | Eber Vega | | | |
| | Carlos Garcia | | | |
| | William Cafaro, PC | $ 10,000.00 | | |

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NELDO AYALA, MOHAMMED ELISSAOUI,            Case No. 14-Civ-5269
EBER VEGA and CARLOS GARCIA,
                              Plaintiffs,

                                                        **AFFIDAVIT OF**
                                                        **CONFESSION**
                                                        **OF JUDGMENT**

          against

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC.,
AUTO MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and ANTHONY
BOUMOUSSA,
                              Defendants.
-----------------------------------------------------------------X
STATE OF NEW YORK            }
                             }ss:
COUNTY OF _____}

          The Undersigned, YOUR FAVORITE AUTO REPAIR &

DIAGNOSTIC CENTER, INC., and AUTO MAINTENANCE SALES & SERVICE CAR

WASHING & DETAILING, INC., (collectively referred to as the "Undersigned Entities")

through and by ANTHONY BOUMOUSSA, a duly sworn shareholder and officer with authority

to bind the Undersigned Entities, as well as ANTHONY BOUMOUSSA in his individual

capacity as well as in his corporate capacities, being duly sworn and over the age of 18 years,

does depose and say:

          1.       I have authority to sign on behalf of the Undersigned Entities as the Owner,

Officer, Director, and/or Authorized Shareholders of those entities aforesaid, and as a duly

designated and authorized representative of the Undersigned Entities, I makes this affidavit in

such capacities, as well as on my own behalf personally and individually.

          2.       That each of the Undersigned Entities, as well as myself, have our actual and

23

principal places of business at 7017 Bay Pkwy, Brooklyn, NY 11204

     3.     This confession of judgment is for a debt justly due to Plaintiffs and/or their attorneys pursuant to a certain Settlement and Release Agreement ("Agreement") which resolved a certain action in the United States District Court for the Eastern District of New York, Action No. 14-cv-5269, involving certain wage and hour claims made by Neldo Ayala, Mohammed Elissaoui, Eber Vega and Carlos Garcia, ("Plaintiffs"). Plaintiffs were employees of the Undersigned Entities as well as employees of the undersigned personally. That action alleged certain violations of the Fair Labor Standards Act and the New York Labor Law, and this confession was given as part and parcel of the Agreement which settled that action in order to secure the Plaintiffs in the event of any default in the payments required under the Agreement.

     4.     The Undersigned Entities, as well as myself personally and individually, hereby confess judgment, and authorize entry of judgment by the Plaintiffs and/or their attorneys against the Undersigned Entities and against myself individually and personally, jointly and severally, in the sum of Five Hundred Twenty Five Thousand Dollars and 00/100 Cents ($525,000.00), less 175% of any payments already made, in lieu of all costs of collection, interest, attorneys' fees and other fees which have accrued up to the date of entry of judgment hereon. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and William Cafaro, P.C. shall also have the right to enter judgment against the undersigned if all other conditions required for the entry of judgment are met.

     5.     Any signature by the Undersigned Entities or by myself may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

     6.     Judgment may only be entered upon this Affidavit of Confession by Plaintiffs'

entry of judgment hereon. The Agreement aforesaid also provides for attorney's fees to Plaintiff's counsel, William Cafaro, P.C., and William Cafaro, P.C. shall also have the right to enter judgment against the undersigned if all other conditions required for the entry of judgment are met.

5.      Any signature by the Undersigned Entities or by myself may be signed by pdf, e-mail, by facsimile, or by any other medium capable of reliable reproduction, and the same shall be valid as against the party to be charged.

6.      Judgment may only be entered upon this Affidavit of Confession by Plaintiffs' counsel, William Cafaro, ("Cafaro") or by his lawfully designated successor in the event of his death or disability, and any application for the entry of judgment hereunder must be accompanied by an affidavit from Cafaro or his lawfully designated successor giving the Defendants due credit, if any, for any and all payments made prior to the default.

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC.

Dated: 11\9\16

By: _Anthony Boumoussa_
Anthony Boumoussa
Officer and Authorized Representative

STATE OF New York )
                                    )ss.:
COUNTY OF Kings )

On ___11/9/16___ 2016, before me personally came Anthony Boumoussa and acknowledged him(her)self to be an officer and an Authorized Representative of YOUR FAVORITE AUTO REPAIR & DIAGNOSTIC CENTER, INC. and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by

28

signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

Notary Public

JOSEPH R. COSTELLO
Notary Public, State of New York
No. 01CO 5923872
Qualified in Kings
Commission Expires 2/7/18


AUTO MAINTENANCE SALES & SERVICE
CAR WASHING & DETAILING, INC.


Dated: 11/9/16

By: _Anthony Boumoussa_
Anthony Boumoussa
Officer and Authorized Representative


STATE OF New York )
                                        )ss.:
COUNTY OF Kings )

On _11/7/_ 2016 before me personally came _Anthony Boumoussa_ and acknowledged him(her)self to be an officer and an Authorized Representative of AUTO MAINTENANCE SALES & SERVICE CAR WASHING & DETAILING, INC.
and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.


Notary Public

29

Dated: _____

_Anthony Boumoussa, Individually_

STATE OF _New York_ )
                    )ss.:
COUNTY OF _Kings_   )

On _____, 2016 before me personally came to me Anthony Boumoussa known to me to be the individual described in, and who executed the foregoing Settlement Agreement and Release, and duly acknowledged to me that he executed the same.

Notary Public

Public, State of New York
Qualified in Kings
Commission Expires

30