UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NELDO AYALA, MOHAMMED ELISSAOUI            Case No.: 14-Civ-05269
EBER VEGA, and CARLOS GARCIA,

                Plaintiffs,                **AFFIRMATION IN SUPPORT OF DEFAULT DUE TO NONPAYMENT OF SETTLEMENT PROCEEDS**

      -against-

YOUR FAVORITE AUTO REPAIR &
DIAGNOSTIC CENTER, INC.,
AUTO MAINTENANCE SALES & SERVICE CAR
WASHING & DETAILING, INC., and ANTHONY
BOUMOUSSA,

                Defendants.
-----------------------------------------------------------------X

      **WILLIAM CAFARO,** an attorney duly admitted to practice law in the State of New York and in the United States District Court, Eastern District of New York hereby affirms under the penalties of perjury:

      1.    I am the principal of THE LAW OFFICES OF WILLIAM CAFARO, the attorneys for the Plaintiffs Neldo Ayala ("Ayala"), Mohammed Elissaoui ("Elissaoui"), Eber Vega ("Vega"), and Carlos Garcia ("Garcia"), and as such, I am fully familiar with the facts and circumstances alleged herein.

      2.    Plaintiffs commenced this action against the Defendants on September 9, 2014 alleging violations of the Fair Labor Standards Act and New York Labor Law.

3. After a two-day bench trial in September 2016, the Court found that the Plaintiffs proved, by a preponderance of the evidence, that defendants violated the FLSA and NYLL. *See*, D.E. 78, 79, 85.

4. After trial and liability had been established, the parties entered into settlement discussions and settled the matter to allow defendants time to pay the judgment. On December 16, 2016, the Honorable Magistrate Judge James Orenstein found the settlement fair and reasonable pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). On January 5, 2017, the Court adopted Magistrate Judge Orenstein's report and recommendation and dismissed the action. *See*, D.E. 92-93.

5. According to the terms of the Settlement Agreement, appended hereto as Exhibit "1", the Defendants were to pay the "Settlement Amount", $300,000.00, in eleven payments beginning December 13, 2016. A true and accurate copy of the payment terms is appended hereto as Exhibit "2".

6. The agreed payment terms required a bulk payment of $200,000.00 be paid so that the Plaintiffs could get 100% of what their damages as soon as possible, while Plaintiffs' counsel would be paid in installments. *See*, Ex. 2.

7. According to the terms of the Settlement Agreement, Defendants are entitled to two notices to cure, after which the Plaintiffs may enter default. *See*, Ex. 1 at ¶ 3.

8. The Voluntary Dismissal with Prejudice, appended hereto as Exhibit "3", provides that the "Court retains jurisdiction over the settlement agreement resolving this action".

This stipulation was So-Ordered by the Court on January 4, 2017 and uploaded onto ECF the next day on January 5, 2017. *See*, Ex. 3.

9. The first payment, was not paid until after a notice to cure was sent to defense counsel on January 16, 2017. *See*, Ex. 4.

10. The sixth payment, was not made to this office until after a notice to cure was sent to defense counsel on May 22, 2017. *See*, Ex. 5.

11. The ninth payment, was not made to this office until after a notice to cure was sent to defense counsel on August 25, 2017. *See*, Ex. 6.

12. Both the May 22, 2017 and August 25, 2017 notices to cure contained language stating that no further notices to cure would be sent and that Plaintiffs' counsel will enter default without a notice to cure should any future payments arrived late. *See*, Ex. 5; Ex. 6.

13. Pursuant to the terms of the Settlement Agreement, the Defendants and each of them, executed an affidavit of confession of judgment. The confession was signed by Defendant Boumoussa in his individual capacity as well as his capacity and authorized representative of each of the entity defendants. This confession authorizes entry of judgment by the Plaintiffs against the Defendants, jointly and severally, in the amount of Five Hundred Twenty-Five Thousand Dollars and Zero Cents ($525,000.00) less 175% of any payment already made pursuant to the terms of the Settlement Agreement. A copy of the affidavits of confession of judgment are attached hereto as Exhibit "7".

14.     To date the Defendants have made the first nine payments to the Plaintiffs in accordance with the Settlement Agreement totaling $280,000.00. 175% of the total payments made is $490,000.00. Therefore, the default amount of $525,000.00, less credit for $490,000.00, leaves $35,000.00.

15.     Pursuant to the terms of the Confessions of Judgment, the Defendants are in default in the amount of Thirty Five Thousand Dollars and Zero Cents ($35,000.00).

**WHEREFORE**, it is respectfully requested that this Court direct the clerk to enter judgment against the Defendants and each of them, jointly and severally, in the amount of Thirty Five Thousand Dollars and Zero Cents ($35,000.00), together with any further relief this Court deems just, proper and equitable.

Dated: September 15, 2017
    New York, New York

    /s/ William Cafaro
    William Cafaro (WC2730)
    Law Offices of William Cafaro
    108 West 39th Street, Ste 602
    New York, New York 10018
    212-583-7400